Ross W. Johnson (AZ Bar No. 018422)
**FAEGRE DRINKER BIDDLE & REATH LLP**
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
Telephone:     +1 515 447 4705
Facsimile:      +1 515 248 9010
Email: Ross.Johnson@FaegreDrinker.com
Attorneys for Applicants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re Application<br><br>Pursuant To 28 U.S.C. § 1782 For An Order To Take Discovery Of Michael M. Stewart For Use In A Foreign Proceeding | Case No.<br><br>**EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782 FOR AN ORDER TO TAKE DISCOVERY OF MICHAEL M. STEWART FOR USE IN A FOREIGN PROCEEDING** |

Based upon this application, concurrently filed Memorandum of Points and Authorities, and Declaration of Robert K. Campbell ("Campbell Decl."), the following individuals and entities:  (1) Oak Trust, (2) Acorn Trust, (3) Eagle Trust, (4) Duffy Trust, (5) Robert J. Parfet Living Trust, (6) Geluk Global Fund Limited SAC (a company incorporated in the Bahamas), (7) Migration Investments, LLC (a Colorado, US LLC ), (8) Boustrophedon International Ltd (a company incorporated in Hong Kong), (9) Michael R. Shea, (10) Erin Shea, (11) Angela Ling, (12) Fuhua Ling, (13) Philip Bullock, (14) Lifang Liu, (15) Justin Payne, (16) Michael Dietzen, (17) Kimberly J. Dietzen, (18) Brian Sly, (19) David K. Sly, (20) Gregory Sly, (21) Karen Sly, (22) Nelson Sly, (23) Helen S. Sly, (24) Sly Family Trust, and (25) Tamara A. Sly Separate Property Trust (together the "Applicants"), by and through Faegre Drinker Biddle & Reath LLP, apply to this Court pursuant to 28 U.S.C. § 1782 for an Order granting them leave to serve targeted discovery, in compliance with all relevant provisions of Fed. R. Civ. P. 45, and in the

same form as the Subpoena *Duces Tecum*, and Subpoena *Ad Testificandum*, attached hereto as Exhibits A and B[1], upon Michael M. Stewart ("M. Stewart"), whose personal residence is located within this district at 8221 E. Sheridan St., Scottsdale, Arizona 85257, permitting Applicants to obtain documents and testimony for use in an anticipated foreign proceeding in which they will be claimants. Applicants request that the Court grant them leave *ex parte.* This is the normal procedure for Section 1782 applications, and M. Stewart, as respondent to this Application, retains the ability to respond to the subpoenas attached to this Application as Exhibits A and B pursuant to the governing discovery rules, and/or to object pursuant to Fed. R. Civ. P. 45(c)(3).

      Applicants expect to be claimants in an anticipated proceeding in the High Court of England and Wales in London, England (the "U.K. Proceeding"). *See* Declaration of Robert K. Campbell ("Campbell Decl.") ¶¶ 3, 7-11. M. Stewart is not expected to be a party to the U.K. Proceeding. *See id.*, ¶ 13. Applicants have not yet been provided copies of the documents they seek pursuant to the Subpoena *Duces Tecum*, attached hereto as Exhibit A, or an opportunity to elicit the testimony described in the Subpoena *Ad Testificandum* attached hereto as Exhibit B. *See id.*, ¶ 20.

      As more fully detailed in the Declaration of Robert K. Campbell and Applicants' Memorandum of Points and Authorities, the documents and testimony Applicants seek from M. Stewart are believed to contain key information relevant to formulating their claims in the anticipated U.K. Proceeding. *Id.* ¶¶ 14-16. More specifically, Applicants seek documents and testimony believed to support their allegations that the wrongful conduct of Equiti Capital UK Limited ("Equiti UK") in connection with its facilitation and concealment of a fraudulent Forex trading scheme ("the Mediatrix Fraud") operated by Mediatrix Capital Inc. ("Mediatrix") and Blue Isle Markets Inc. ("Blue Isle 1") and its successor, Blue Isle Markets Ltd. ("Blue Isle 2") (collectively referred to as "Blue Isle"), in which Applicants invested, resulted in their suffering

---

[1] As drafted and attached hereto, the Document Subpoena and Deposition Subpoena do not contain specific dates for compliance, as such dates setting forth the time period in which respondent are to comply, cannot be populated until such time as an order may be granted authorizing their service. Accordingly, as reflected in the attached proposed order, upon entry of an order granting the relief requested herein, counsel for Applicants would anticipate revising Exhibits A-B to reflect compliance dates in accordance therewith.


significant financial losses. *Id.* Under the Civil Practice Rules 1998 governing procedure in the High Court of England and Wales ("the CPR"), Applicants have served Equiti UK with a formal "Letter of Claim," detailing certain factual and legal bases to support their claims against Equiti UK pursuant to the laws of England and Wales, including claims for damages and/or equitable compensation under various legal theories stemming from Equiti UK's role in connection with Blue Isle / Mediatrix's fraud. *Id.*, ¶ 9.

As set forth in the accompanying Memorandum of Points and Authorities and Declaration of Robert K. Campbell, Applicants satisfy the statutory elements of 28 U.S.C. § 1782. The discretionary factors identified in *Intel Corp. v. Advanced Micro Devices, Inc.*, also favor granting the relief requested herein. 542 U.S. 241, 264-65, 124 S. Ct. 2466, 2483 (2004). The statutory elements are satisfied because M. Stewart resides and is found in this District, the claims that Applicants expect to file in the U.K. constitute a reasonably anticipated proceeding before a foreign tribunal (*see* Campbell Decl., ¶¶ 7-12), and Applicants seek documents and testimony for use in that proceeding.

As for *Intel's* discretionary factors, the discovery sought through this Application is not otherwise accessible to Applicants—including because M. Stewart is not expected to be a party to the U.K. Proceeding or otherwise subject to the jurisdiction of the High Court of England and Wales, *see id.*, ¶¶ 13, 19. In addition, production of the requested discovery will not circumvent any policies of the United Kingdom or United States, or violate any court order or directive. *Id.* ¶ 20. Further, the CPR contemplates that parties to proceedings in the High Court of England and Wales will engage in discovery and allows for the submission of documentary evidence. Accordingly, it is anticipated that discovery collected through this Application will be admissible in the context of the U.K. Proceeding. *See id.*, ¶¶ 17-18. The requests to M. Stewart, attached hereto as Exhibits A and B, are specific and narrowly tailored, and, thus, their production not anticipated to be unduly intrusive or burdensome. M. Stewart may also avail himself of the protections available to any third-party subpoena respondent under the Federal Rules of Civil Procedure to shield from disclosure privileged and proprietary information. Lastly, the filing of the U.K. Proceeding is also reasonably anticipated, as confirmed by Applicants' issuance of a

Letter of Claim to Equiti UK. *Id.*, ¶¶ 3, 7-11.

Moreover, the burden on M. Stewart to respond to the attached subpoenas is minimal to the extent he is being commanded to produce documents already preserved, identified and/or produced in other litigation involving the same operative facts. For instance, the U.S. Securities and Exchange Commission has conducted an investigation and initiated litigation against M. Stewart personally, as well as Mediatrix and Blue Isle, for the fraud Applicants assert Equiti UK facilitated. That litigation remains pending in the United States District Court for the District of Colorado.[2] To the extent M. Stewart has collected and/or produced documents related to the SEC investigation or litigation, it would not be burdensome for M. Stewart to reproduce such documents in response to the attached subpoenas.

For these reasons, Applicants respectfully request that this Court grant their Application for an Order giving them leave to serve upon M. Stewart the Subpoenas attached hereto as Exhibits A and B.

Dated: February 18, 2021                    FAEGRE DRINKER BIDDLE & REATH LLP

By: */s/ Ross W. Johnson*
    Ross W. Johnson
    801 Grand Avenue, 33rd Floor
    Des Moines, IA 50309

Attorneys for Applicants

---

[2] *See United States Securities and Exchange Commission v. Mediatrix Capital Inc. et al*, No. 1:19-cv-02594-RM-SKC (D. Colo. filed Sept. 12, 2019).

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of February 2021, a copy of the foregoing document was filed with the ECF document filing system for the United States District Court for the District of Arizona.

                                              */s/ Ross W. Johnson*
                                              Ross W. Johnson

Ross W. Johnson, AZ Bar No. 018422
ross.johnson@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
Telephone:     515 447 4705
Facsimile:       515 248 9010

# Exhibit A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| Ex Parte Appl'n to Take Discovery of M. Stewart | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   Michael Stewart of 8221 E. Sheridan St., Scottsdale, AZ 85257

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: materials identified in the attached Exhibit A.

| Place: 1930 N. Arboleda, Ste. 200, Mesa AZ; will also accept documents at david.porteous@faegredrinker.com | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____            _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Robert J. Parfet Living Trust, et al. , who issues or requests this subpoena, are:

Ross Johnson, 801 Grand Ave, 33rd Floor, Des Moines, Iowa 50309, ross.johnson@faegredrinker.com, 515 447 4705

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:21-mc-00006-GMS   Document 1   Filed 02/18/21   Page 9 of 20

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

# DEFINITIONS

1. The **"Action"** refers to the Application for an Order to Take Discovery from Michael Stewart Pursuant to 28 U.S.C. § 1782, captioned *In re Ex Parte Application Pursuant to 28 U.S.C. § 1782 to Take Discovery of Michael Stewart for Use in a Foreign Proceeding*, pending in the United States District Court for the District of Arizona.

2. **"You"** and **"Yours"** refers to Michael Stewart of 8221 E Sheridan St., Scottsdale, AZ 85257.

3. The "**Relevant Period**" means January 1, 2015 through the present.

4. **"Equiti"** or **"Equiti Entities"** refers to Equiti Group Limited; Equiti US, LLC, f/k/a Divisa US, LLC; Equiti Capital UK Limited, f/k/a Divisa UK Limited; Equiti Armenia CJSC, f/k/a Divisa AM CJSC; and/or any predecessor entities, including Divisa, together with its affiliates, subsidiaries, officers, directors, employees, agents, attorneys, representatives, and anyone acting or purporting to act on their behalf.

5. **"BI/M"** or **"BI/M Entities"** refers to Blue Isle Markets Inc.; Blue Isle Markets Ltd.; Mediatrix Capital Inc.; Mediatrix Capital, LLC; Mediatrix Capital Fund Ltd.; Mediatrix Capital PR LLC; and/or Island Technologies, LLC, together with their officers, directors, employees, agents, attorneys, representatives, and anyone acting or purporting to act on their behalf—including, but not limited to, Michael Stewart, Michael Young, or Bryant Sewall.

6. **"Blue Isle Investor"** refers to any Person who has transferred funds to BI/M with the purpose of BI/M investing or trading those funds, including without limitation, any Person whose funds have been held in any Blue Isle Brokerage Account.

7. **"Blue Isle Brokerage Account"** refers to any account at Equiti held in the name of BI/M, including without limitation, Equiti Capital UK Limited account numbers ending in 0160, 0166, and 0167, and Equiti Armenia CJSC account numbers ending in 0013, 0021, 0023, and 0029.

8. **"Blue Isle Bank Account"** refers to any account held in the name of Blue Isle Markets Inc.; Blue Isle Markets Ltd.; Mediatrix Capital Inc.; Mediatrix Capital, LLC; Mediatrix Capital Fund Ltd.; Mediatrix Capital PR LLC; and/or Island Technologies, LLC at any financial institution, including without limitation, accounts at Česká Spořitelna, ANZ Bank of New Zealand Limited, Ansbacher (Bahamas) Limited, Wells Fargo Bank, Banco Popular of Puerto Rico, and Kiwibank Ltd.

9. **"MAFEF"** or **"Managed Account Foreign Exchange Funds"** refers to accounts where Blue Isle Investor Funds were pooled and traded in foreign currency markets according to BI/M's purported algorithmic trading strategy, including without limitation "Blue Isle Brokerage Accounts."

10. The **"Fund"** refers to Mediatrix Capital Fund Ltd., an International Business Company registered with the Securities Commission of The Bahamas as a Bahamian Professional Fund.

11. **"Person"** or **"persons"** refers to natural persons, partnerships, limited liability companies, or corporations.

12. The term **"Document"** or **"Documents"** is coextensive with its meaning in Federal Rule of Civil Procedure 34.  All copies of documents which are not identical duplicates of the originals, such as where handwritten notes appear on them or are attached to them, are to be considered separate documents and must be produced.

13. **"Communication" or "Communications"** shall mean any oral or written statement, dialogue, colloquy, discussion, telephone conversation, video conference conversation, face-to-face meeting, text message, instant message, calendar invite, social media message, e-mail, or conversation, and also any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic or similar means.

14. Whenever the phrase **"relate to," "related to,"** or **"relating to"** is used herein, it shall mean concerning, constituting, containing, embodying, identifying, dealing with, reflecting, mentioning, defining, explaining, discussing, commenting upon, monitoring, supporting, evidencing, modifying, contradicting, quoting, criticizing, describing, creating or maintaining, bearing upon, referring to, having any relationship to, constituting a basis for, deriving from or arising from, or in any manner whatsoever pertinent to that subject.

15. **"Including"** and **"including without limitation"** are intended to illustrate the kind of information responsive to each request herein.  Such examples are not intended to be exhaustive of the information sought and shall not in any way be read to limit the scope of the requests.

## INSTRUCTIONS

1. In accordance with Federal Rule of Civil Procedure 45, You shall produce the Documents for inspection as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the following requests.

2. Pursuant to Federal Rule of Civil Procedure 45, You are required to produce all Documents requested which are in Your possession, custody and/or control or within the possession, custody, or control of Your attorneys.

3. If You claim that any Document responsive to any request below is subject to a privilege or is confidential under Federal Rule of Civil Procedure 45(e)(2), please identify the name(s) of the author(s), all recipients, the date of the Document, the subject matter of the Document, the privilege or nature of confidentiality claimed, and the circumstances that give rise to the privilege or confidentiality.

4. All Documents existing in electronic form shall be produced in electronic form in a manner to preserve, without alteration or modification, all metadata associated with the electronic Document, including without limitation extracted text.

5. If You are unable to answer or respond fully to any Document request, answer or respond to the extent possible and specify the reasons for Your inability to answer or respond in full.

6. To the extent documents sought through the Requests are confidential or otherwise protected, the Applicants are open to stipulating to an appropriate protective order.

7. Unless otherwise noted in the Request, the responsive time period for each Request is the Relevant Period—i.e. January 1, 2015 through the present.

## DOCUMENTS REQUESTED

1. All Documents and Communications relating to Equiti's business dealings and relationship with BI/M.

2. All Communications between Equiti and BI/M during the Relevant Period.

3. All versions of marketing Documents related to either the MAFEF or the Fund sent during the Relevant Period by BI/M to a Blue Isle Investor or potential Blue Isle Investor.

4. All Communications between BI/M and Blue Isle Investor or potential Blue Isle Investor during the Relevant Period, including without limitation, all Communications containing representations related to BI/M's historical performance, its assets under management, its regulated status, or its relationship with any Equiti entity.

5. All versions of enrollment Documents related to either the MAFEF or the Fund sent to investors during the Relevant Period.

6. All account statements BI/M or Equiti sent to Blue Isle Investors during the Relevant Period.

7. All Documents related to how the MT4 software allocated trades between Blue Isle Investors.

8. All Documents related to the contents of the Blue Isle Investor account statements.

9. All Documents related to the transfer or disposition of Blue Isle Investor funds, including without limitation, Documents related to transfers to, from, or between the Blue Isle Bank Accounts and the Blue Isle Brokerage Accounts.

10. All Communications between BI/M and any financial institution maintaining a Blue Isle Bank Account.

11. All Documents related to BI/M's trading performance in the Blue Isle Brokerage Accounts, including without limitation all account statements or confirmations reflecting the Blue Isle Brokerage Accounts' trading profits or losses and account balances or any database containing the same.

12. All Documents reflecting BI/M's assets under management during the Relevant Period.

13. All Documents related to BI/M's status as a regulated entity in any jurisdiction, including without limitation any applications for licensure or registration in St. Vincent and the Grenadines, The Bahamas, The Cayman Islands, Belize, or New Zealand.

14. All versions of written agreements in force during the Relevant Period between or among the BI/M Entities.

15. All Documents related to commissions or fees BI/M collected from Blue Isle Investors, including without limitation, Documents related to how the fees were calculated and how they were collected.

16. All versions of written agreements in force during the Relevant Period between Equiti and BI/M.

17. Documents sufficient to determine when Equiti UK first began providing trading or brokerage services to BI/M.

18. All Documents related to meetings—including in-person, telephonic, and via video conference—between Equiti and BI/M, including without limitation, all calendar entries or invites, travel receipts, call histories reflecting such meetings.

19. All Communications during the Relevant Period between Equiti and any Blue Isle Investor or potential Blue Isle Investor, including without limitation, Communications transmitting account statements or providing services to an actual or potential Blue Isle Investor.

20. All Documents and Communications related to Equiti's provision of liquidity or credit to BI/M, including without limitation, all Documents reflecting margin calls and/or margin restrictions.

21. All Documents and Communications related to guidelines, guidance, and/or instructions Equiti provided to BI/M related to the "proper use of the Software MetaTrader 4,

6

plugins, and/or other software that connects to, or affects the Software" as set forth in Section 4(b) of the 2016 Memorandum of Understanding between Equiti and BI/M.

22. All Documents and Communications related to trading losses in the Blue Isle Brokerage Accounts.

23. All Documents and Communications related to hedged open positions in the Blue Isle Brokerage Accounts.

24. All Documents and Communications related to due diligence Equiti performed on BI/M, Michael Stewart, Michael Young, and/or Bryant Sewall, including any AML checks performed.

25. All Documents You have provided to the court-appointed Receiver, Brick Kane of Robb Evans & Associates LLC, in the action titled *United States Securities and Exchange Commission v. Mediatrix Capital Inc., et al.*, Case No. 1:19-cv-02594-RM-SKC, currently pending in the United States District Court for the District of Colorado.

26. All Documents You have provided to the United States Securities & Exchange Commission, the Department of Justice or any United States Attorney's Office relating to Equiti and/or BI/M.

27. Copies of any transcripts of testimony or sworn statements You have given before the United States Securities & Exchange Commission, the Department of Justice or any United States Attorney's Office relating to Equiti and/or BI/M.

28. All Documents the U.S. Government has produced to You related to Equiti.

# Exhibit B

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | | |
|---|---|---|
| Ex Parte Appl'n to Take Discovery of M. Stewart | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:    Michael Stewart of 8221 E. Sheridan St., Scottsdale, AZ 85257

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Remote deposition via video-conferencing technology | Date and Time: |
|---|---|

The deposition will be recorded by this method:  Video and stenographer

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

        *CLERK OF COURT*
                                          OR

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Robert J. Parfet Living Trust, et al. , who issues or requests this subpoena, are:
Ross Johnson, 801 Grand Ave, 33rd Floor, Des Moines, Iowa 50309, ross.johnson@faegredrinker.com, 515 447 4705

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).